IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
07/09/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

JORGE LUIS SOTO VILCHEZ,                )
                                        )
                    Petitioner,         )
                                        )
        v.                              )        Case No. 26-3155-JWL
                                        )
TODD BLANCHE, Acting Attorney General;  )
MARKWAYNE MULLIN, Secretary,            )
    Department of Homeland Security;    )
TODD LYONS, Director, ICE;              )
SAM OLSON, Director,                    )
    ICE Field Office; and              )
JACOB WELSH, Warden,                    )
    Chase County Detention Center,      )
                                        )
                    Respondents.        )
                                        )
_____)

## MEMORANDUM AND ORDER

Petitioner, acting through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his continued detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **denies** the petition.

Petitioner, a native of Venezuela, entered the United States without authorization in August 2021. In October 2024, petitioner was convicted in state court in Kentucky of criminal possession of a forged instrument, and on December 6, 2024, petitioner was taken into custody by immigration officials after his release from state custody. On April 23, 2024, an immigration judge ordered petitioner's removal, but granted his request for withholding of removal to Venezuela, meaning petitioner could be removed only to a third

country.  On September 17, 2025, petitioner filed a motion to reopen his proceedings, and the immigration court stayed his removal.  Petitioner filed an application for relief from removal to Mexico, and on November 21, 2025, the immigration court reopened the proceedings.  That court conducted a hearing on April 2, 2026; and on April 23, 2026, the immigration judge issued a written decision denying the application for relief and ordering petitioner's removal to Mexico.  On May 19, 2026, petitioner appealed that decision to the Board of Immigration Appeals (BIA), and that appeal remains pending.

On October 29, 2025, petitioner filed a habeas petition in this Court.  By Memorandum and Order of February 4, 2026, the Court denied the petition, holding that because petitioner's initial removal order was vacated when the immigration judge reopened removal proceedings, he was then being detained pursuant to 8 U.S.C. § 1226(c), and that his claim of a prolonged detention under 8 U.S.C. § 1231 (governing post-final-removal-order detention) therefore failed.  On May 27, 2026, petitioner filed the instant habeas action.  Respondents have filed an answer, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

As his sole claim, petitioner asserts that his detention pursuant to 8 U.S.C. § 1226(c) without a bond hearing violates due process.  That statute requires mandatory detention for certain aliens, including those deportable by reason of having committed certain criminal offenses.  *See id.*  Petitioner does not dispute that he has committed such an offense and is therefore subject to mandatory detention under Section 1226(c).

The Court first rejects respondents' argument that the petition should be denied pursuant to the abuse of the writ doctrine.  Respondents argue that petitioner should be

2

precluded from asserting his present clam in a second habeas action because he could have asserted it (by amending his petition after his removal proceedings were reopened and his detention was again governed by Section 1226(c)) in his first habeas action. *See Stanko v. Davis*, 617 F.3d 1262, 1271 (10th Cir. 2010) ("Under the abuse of the writ doctrine, if a second or subsequent [habeas] petition raises a claim that could have been raised in an earlier petition, the petitioner must establish that the omission was not the result of inexcusable neglect in order to proceed on the new claim."). Petitioner's present claim, however – that his detention under Section 1226(c) has become unreasonably prolonged – turns on the length and circumstances of the detention, which have changed since the first habeas action was pending. Thus, petitioner could not have asserted this precise claim in the prior action, and the Court will consider the merits of the present claim.[1]

As respondents note, in *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that although aliens are entitled to due process in immigration proceedings, their mandatory detention under Section 1226(c) without a determination concerning danger to society or the risk of flight is constitutional. *See id.*[2] Subsequently, in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), the Supreme Court held that Section 1226(c) itself does not grant any right to a bond hearing after any particular amount of time. *See id.* In *Demore*, however, the Court's specific holding was that Congress, out of concern that non-detained aliens continue to engage in crime or fail to appear for removal proceedings, could

---

[1] Respondents have not cited any case in which the doctrine has been applied to such a claim that depends largely on the duration of detention.

[2] The Supreme Court first concluded that 8 U.S.C. § 1226(e) did not deprive courts of jurisdiction to consider such a constitutional claim. *See Demore*, 538 U.S. at 516-17.

require detention "for the *brief* period necessary" for those proceedings, *see Demore*, 538 U.S. at 513 (emphasis added); and it relied in part on statistics showing that in the great majority of cases involving detention under Section 1226(c), removal proceedings are concluded in an average time of 47 days (with a median of 30 days), with the other cases resolved after an appeal lasting an average of four months, *see id.* at 529; *see also id.* at 531 (concluding that the detention of the petitioner "for the *limited* period of his removal proceedings" was constitutional) (emphasis added).  In a concurring opinion (in a 5-4 decision), Justice Kennedy noted that the ultimate purpose behind detention under Section 1226(c) is premised on the alien's deportability; and he further acknowledged the possibility of an as-applied constitutional challenge to such detention as follows:

> [S]ince the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified.  Were there to be an unreasonable delay by the INS in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against the risk of flight or dangerousness, but to incarcerate for other reasons.

*See id.* at 531, 532-33 (Kennedy, J., concurring) (citations omitted).

Since *Demore* and *Jennings* were decided, courts have entertained as-applied due process challenges to detention under Section 1226(c) without a bond hearing.  *See Nguyen v. Carter*, 2026 WL 522650, at *2 (D. Kan. Feb. 25, 2026) (Lungstrum, J.) (citing cases). This Court has considered such a challenge in four cases.  *See id.* at *2-4; *Moreno-Bastidas v. Barr*, 2020 WL 3639774, at *8-10 (D. Kan. July 6, 2020) (Lungstrum, J.); *Tkachenko v. Mackey*, 2026 WL 1578467, at *2-4 (D. Kan. June 3, 2026) (Lungstrum, J.); *Morales v.*

4

*Olson*, 2026 WL 1579790, at *1-3 (D. Kan. June 3, 2026) (Lungstrum, J.).  In those cases, the Court considered the following six factors typically used by courts to assess such an as-applied due process claim to mandatory detention without a bond hearing under Section 1226(c):

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*See Nguyen*, 2026 WL 522650, at *2 (quoting *Moreno-Bastidas*, 2020 WL 3639774, at *8-9); *Tkachenko*, 2026 WL 1578467, at *2; *Morales*, 2026 WL 1579790, at *2.

Respondents argue against the use of such a multi-factor test.  In *Tkachenko* and *Morales*, the Court rejected the same argument, noting that it disagreed with the Eighth Circuit's conclusion that the Supreme Court's cases foreclose an as-applied due process challenge if removal proceedings are still pending.  *See Tkachenko*, 2026 WL 1578467, at *2; *Morales*, 2026 WL 1579790, at *2.  Respondents again point to particular language in *Demore* and *Jennings*, and they dispute the aptness and relevance of the particular factors considered by this Court in its prior cases.  Again, however, respondents have not shown that the Supreme Court cases preclude this type of challenge, and the Court believes that these factors are relevant and may be considered in resolving such a claim.  For instance, respondents argue that the indefiniteness of the detention is relevant, not the duration; but certainly the duration may inform whether a detention has become unreasonable or unjustified.  Respondents note that a detainee may not challenge the conditions of confinement in a habeas action; but petitioner is not doing so here, and the conditions of

5

confinement may, in a particular case, be relevant to whether a petitioner is being detained for the proper purpose of effecting removal. Respondents argue that the key with respect to delays should be whether removal proceedings have become a sham; but the Court believes that the reasons for delays in the proceedings are relevant to whether detention has become unreasonably prolonged. Finally, respondents note that this Court may not consider a challenge to a removal order; but of course, there is no final removal order at present, and the Court's consideration of the *likelihood* of removal – like its consideration of that factor in post-removal-order cases under the Supreme Court's *Zadvydas* framework – does not run afoul of that prohibition. Accordingly, the Court will assess petitioner's claim under the factors that it has applied in its prior cases.

In this case, the Court concludes that those factors, considered together, do not weigh in favor of petitioner and his claim of a due process violation based on his detention without a bond hearing.

*First*, petitioner has been detained for 19 months. The Court agrees with petitioner that that is not the "brief" period for removal proceedings assumed by Supreme Court in *Demore*, and is a significantly longer period of time than suggested by the statistics on which the Court relied in that case. Thus, this factor weighs in petitioner's favor.

*Second*, with respect to future detention, it is unknown when petitioner's appeal will be resolved, but that appeal was filed less than two months ago, and thus its duration has not yet become unreasonable. Thus, the Court does not weigh this factor for or against petitioner.

6

*Third*, petitioner argues that his confinement has been unnecessarily penal and has affected his mental and physical condition. After considering the evidence presented by the parties, however, the Court agrees with respondents that petitioner has not shown that the present conditions of his confinement are atypical or particularly harsh. The Court finds that this factor does not weigh for or against petitioner.

*Fourth and fifth*, petitioner has been detained this long primarily because he has exercised his right to litigate his removal in the immigration courts – which he did successfully (meaning the Government had to seek an alternative country for removal, then unsuccessfully (after the Government had identified such a country). There has been no suggestion that the Government engaged in misconduct or acted in bad faith in the removal proceedings. Moreover, as noted above, the duration of the appeal has not yet become unreasonable. Accordingly, the Court finds that that these factors do not weigh for or against petitioner.

*Sixth*, it appears likely that petitioner's removal proceedings will ultimately result in an order of removal to Mexico. In a lengthy, thorough written opinion, the immigration judge ruled against petitioner; and although petitioner states that he has made "strong" arguments in appealing that ruling, he has not described those arguments or otherwise shown that he is likely to prevail in that appeal. Therefore, this factor does not weigh in petitioner's favor.

As a whole, these factors do not weigh against the Government as much as they did in *Nguyen*, in which the Court granted relief, as in that case the petitioner had been detained for nearly 21 months and had prevailed before the immigration judge, with the Government

taking the appeal to the BIA. *See Nguyen*, 2026 WL 522650, at *2-3. Nor is petitioner's claim as compelling as the claim in *Tkachenko*, in which the Court, in what it deemed to be a "close case," ruled in favor of a petitioner whose appeal had dragged on for ten months without a briefing schedule. *See Tkachenko*, 2026 WL 1578467, at *2-4. Rather, the case presents circumstances similar to those in *Morales*, in which the Court denied relief. *See Morales*, 2026 WL 1579790, at *2-3 (reaching similar conclusions with respect to the first five factors). Indeed, the circumstances are even less compelling here, as in this case the parties have submitted the immigration judge's written decision, which supports the position that the pending appeal is not likely to succeed. *Cf. id.* (likelihood of an eventual order of removal could not easily be determined in the absence of the immigration judge's order).[3]  Considering the relevant factors as discussed above, the Court finds that petitioner's detention without a bond hearing has not yet become unreasonable and is still supported by a purpose to effect removal. The Court therefore concludes that petitioner has not shown a violation of due process with respect to his detention, and accordingly, it denies the petition.

IT IS THEREFORE ORDERED BY THE COURT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

---

[3]  In a footnote, respondents state that requiring copies of immigration court decisions puts the Government in a difficult position, as it generally seeks not to disclose certain information before the petitioner or other parties do. Of course, in such a case, the petitioner's consent is implicit, as the petitioner puts the immigration court's decision at issue by filing a claim requiring the consideration of these factors.

IT IS SO ORDERED.

Dated this 9th day of July, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge